FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 23 PM 1: 52

TIMOTHY M. BURGESS
United States Attorney

JAMES BARKELEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
(907) 271-5071

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. A96-335 CV (JWS) |
| | ) | |
| Plaintiff, | ) | **UNITED STATES' SUPPLEMENTAL** |
| | ) | **MEMORANDUM REGARDING** |
| v. | ) | **LEGAL ISSUES PERTINENT TO** |
| | ) | **EVIDENTIARY HEARING** |
| 12 PIECES OF REAL PROPERTY, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW the United States of America, by and through counsel, and hereby supplements its Memorandum[1] in this matter, which was filed on October 26, 2005.

### A.   No Log Books Were Ever Seized By The Government

Former USMS employee Mike Gove testified that the 1975 Piper PA-18 SuperCub was advertised and sold by the government on an "as is" basis – noting specifically that the aircraft had no log books documenting engine time, aircraft modifications, and maintenance. Exhibit 1 hereto is the Affidavit[2] of the law enforcement officer who seized this aircraft in

---

[1] The government hereby incorporates and continues to rely on its October 26, 2005 Memorandum.

[2] Exhibits 1, 2, and 3 all contain hearsay; however, the parties stipulated, with the Court's approval, that hearsay was admissible in these proceedings.

May 1994. His firm recollection, independent of the documents (Exhibit 2) which contemporaneously recorded the fact that no log books were seized with the aircraft, is that no log books were ever seized. It is irrelevant that (as pointed out by opposing counsel) the seizure warrant and other form pleadings in this case mentioned "log books"; they simply reflect the fact that log books ordinarily accompany aircraft – and any reference thereto in litigation – because without them, the aircraft's value is greatly diminished.

B.  **The Piper Was A "Pig In A Poke"**

Even Mr. Smoot, testifying as an expert in aircraft appraisal, stated that his opinion of the airplane's value ($200,000) assumed the availability of the log books. Without the logs, which Mr. Smoot finally conceded were crucial to aircraft safety and value, he concluded that the buyer would be purchasing a "pig in a poke". Since Mr. Smoot did not define the term "pig in a poke", Exhibit 3 is submitted for the Court's consideration. A fair inference is that whatever Mr. Smoot meant, caveat emptor applied to this airplane. Not only did Mr. Smoot's testimony fail to satisfy Mr. Plunk's burden of successfully attacking the government's sale proceeds as fair value of the aircraft; in fact, his testimony proves that the government stuck a good bargain.

Plunk should be denied all further relief as to the Hock Lake property and the 1975 PA-18. Since the Court has indicated that oral argument should be reserved for situations involving issues significantly distinct from those briefed, the government does not request oral argument. However, if it is granted at opposing counsel's request, the government would like to be heard.

Respectfully submitted this 23rd day of December, 2005 in Anchorage, Alaska.

TIMOTHY M. BURGESS
United States Attorney

*/s/ James Barkeley*
JAMES BARKELEY
Assistant U.S. Attorney