Phillip Paul Weidner & Associates, Inc.
330 "L" Street, Suite 200
Anchorage, Alaska  99501
(907) 276-1200

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. A96-335 CV (JWS) |
| ) | |
| TWELVE PIECES OF REAL PROPERTY, ) | |
| ET AL., ) | |
| Defendants. ) | |

**MOTION TO RECONSIDER
ORDER DENYING FURTHER COMPENSATION**

COME NOW the above-referenced properties listed as *in rem* defendants, and further, Gerald Frank Plunk, alleged owner of said properties/claimants/defendants, by and through counsel, Phillip Paul Weidner & Associates, a Professional Corporation, and hereby moves, pursuant to Local Rule 59.1, for reconsideration of matters determined in the Court's Order from Chambers dated February 7, 2006, [Docket No. 164] denying further compensation to Mr. Plunk as owner of property more particularly described as Cabin with acreage more fully described as T17NR5W, Section 33, Seward Prime Meridian, Alaska, Tract A, Plat 77-49, Alaska State Land Survey No. 76-182 ("Hock Lake" property), and the 1975 Super Cub No. N4545B.

Reconsideration is requested on the following grounds.

(1) The Court states in its opinion that due to the doctrine of sovereign immunity, the government cannot be sued for damages in this matter.[1] As the Court notes, "Court's have consistently treated § 2465 as constituting an equitable remedy and granted relief accordingly."[2] The cases cited by Mr. Plunk and the Court show that where there has been a wrongful seizure and forfeiture of property by the Government, the Government has a duty to disgorge the benefit and return the property. Where that is impossible, the Government must return a substitute res. Under the doctrine of equity, and restoration of justice, the Government should replace the forfeited property with equivalent property. Only by replacing what was taken with its equivalent, will Mr. Plunk be "made whole," as required by the law of this circuit.[3] The

---

[1] See, Order at 3-4.

[2] See, Order at 4.

[3] In United States v. James Daniel Good Real Property, 510 U.S. 43, 62 (1993) (hereinafter "Good"), the Supreme Court characterized the prejudgment seizure of real property as a deprivation that "gives the Government not only the right to prohibit sale, but also the right to evict occupants, to modify the property, to condition occupancy, to receive rents, and to supersede the owner in all rights pertaining to the use, possession, and enjoyment of the property." Good, 510 U.S. at 54. The United States Court of Appeals for the Ninth Circuit has "looked to the language of Good *in the attempt to devise a remedy for illegal seizure that would make a claimant whole*". United States v. Real Property Located at 22 Santa Barbara Drive, 264 F.3d 860, 869 (emphasis added). See, e.g., United States v. Marolf, 173 F.3d 1213, 1219 (9th Cir. 1999) ("[Claimant's] continued lack of possession of the [unconstitutionally forfeited and sold personal property, i.e., the vessel *Asmara*] constitutes an 'actual injury' for which he deserves more than nominal damages."); United States v. $133,735.30, 139 F.3d 729 (9th Cir. 1998) (actual interest earned where seized cash was placed in an interest-bearing account must be returned along with the principle to fully disgorge the Government's benefit); United States v. Real Property Located at 20832 Big Rock Drive, 51 F.3d 1402, 1405-06 (9th Cir. 1995) (hereinafter "Big Rock") (proper remedy for an illegal seizure of property is the suppression of evidence obtained as a result of the seizure and the payment of any rents accrued during the illegal seizure); United States v. $277,000, 69 F.3d 1491 (9th Cir. 1995) (court ordered Government to pay back wrongfully seized funds along with constructive interest at "alternate borrowing rate" where funds had not been placed in interest bearing account); United States v. Real Property Located in El Dorado County at 6380 Little Canyon Road, 59 F.3d 974 (9th Cir. 1995) (hereinafter "El Dorado") ("an award of rents may not be the sole relief available to [the claimant] . . . . The district court should make a determination of the appropriate monetary or

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

substitute res in the form of the sale proceeds is not sufficient in this case to "make him whole," thus, the Government must purchase equivalent property.

(2) The Court's assertion that "there was no due process violation in the forfeiture procedure followed by the government in this case[,]"[4] is in error. In fact, the deprivation of property where no probable cause existed for its seizure is the height of a due process violation. The government has deprived a property owner of his property without any justification. Thus, where, as here, there is no probable cause for seizure, forfeiture or sale, and it is all conducted over the owner's clear objections, Good and the Ninth Circuit law construing same hold that as a matter of basic constitutional remedy and equity you have to make the owner whole.[5] The due process violation is clear, just as is the government's duty to return the property in its original condition, or provide equivalent property.

(3) Given the current state of the law, sovereign immunity does not protect the government from its responsibility or exposure as to dissipation of the asset;

(4) The Court's findings as to the fair market value are in error.[6] As evidenced by the testimony at the evidentiary hearing, the sale was not in fact "a fair sale," therefore, reliance on

---

*other relief, if any, for loss of use and enjoyment to which [the claimant] is entitled for the illegal seizure of his property*." ), abrogation on other grounds recognized by United States v. $273,969.04 U.S. Currency, 164 F.3d 462, 466 n. 3 (9th Cir. 1999); and United States v. Real Property Located at Incline Village, 976 F. Supp. 1327, 1349-50 (D. Nev. 1997) ("Until the date the court enters final judgment, both the rents generated by the defendant properties and the interest earned on the proceeds from the sales of the defendant properties belong to [the claimant]."). See also, the Ninth Circuit's reference to Rose II of Aberlone, United States v. $277,000, 69 F.3d 1491, 1496 n. 2 (citing Sherwood v. Walker, 66 Mich. 568 (1887)).

[4] See, Order at 2.

[5] See, cases discussed in n. 3, supra. See, also, Motion for Compensation at 7-12; Supplemental Brief by Defendant Twelve Pieces at 4-7.

[6] See, Order at 7-10.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fzx (907) 278-6571

the purchase price as a reflection of the fair market value of the asset is in error.[7] The government's own witness, Mr. Grove of the USMS, stated that he did not believe the government's clearing house, located in Texas and serving the USMS pursuant to a national contract, understood the value of the unique aircraft it was auctioning.[8] Accordingly, the Court's reliance on the sales price is erroneous, and should be reconsidered.

Additionally, it appears that the government only returned the sale *proceeds*, and not the actual purchase price, i.e., they deducted their expenses of conducting the sale from the substitute res returned to Mr. Plunk. This is contrary to the law cited by Mr. Plunk, and relied upon by the Court. Accordingly, the Court should reconsider the matter. Moreover, it is contrary to the Court's own order, which relies on the amount of sale proceeds to set the fair market value.

Likewise, the Court errs as to the cow.[9] The Court's reference to the "calf" is as to mere disgorgement of the fruits, i.e., the milk. The duty, irrespective of the calf, or milk, is to *replevin* the cow, or replace the full value of the cow (properly maintained and fed) at today's value: make the cow owner whole.

In conclusion, the Court has a constitutional statutory and equitable duty to make findings as to the value today of the lost asset ($200,000 for plane, $39,000 for the real property) and award that sum subject to the government's credit.

---

[7] See, Order at 10.

[8] The government's argument about a pig in a poke or the issue of the log books is irrelevant, because they have a duty to restore the aircraft and pay its value with the log books irrespective of their failure to maintain the log books. This is a matter of substitute res, not damages.

[9] See Order at 7 n.30.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

RESPECTFULLY SUBMITTED this 14th day of February, 2006.

        WEIDNER & ASSOCIATES, INC.
        Counsel for Gerald Frank Plunk

        s/ Phillip Paul Weidner
        WEIDNER & ASSOCIATES, INC.
        330 L Street, Suite 200
        Anchorage, AK  99501
        Phone (907) 276-1200
        Fax (907) 278-6571
        E-mail: jgreene@weidner-justice.com
        ABA 7305032

CERTIFICATE OF SERVICE
I hereby certify that on   February 14, 2006 a copy of the foregoing Motion for Reconsideration was served electronically on James Barkeley at jim.barkeley@usdoj.gov, kristine.o' neill@usdoj.gov; katie.voke@usdoj.gov; usaak.ecf@usdoj.gov;

And by regular US Mail on
William D. Artus
Attorney at Law
629 L Street
Anchorage, AK 99501
.

s/ Phillip Paul Weidner

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200 Fzx (907) 278-6571