Cal
notice of
Appeal due
4/11/06
Mtn Reconsideration
2/15/06

RECEIVED
FEB 1 0 2006
WEIDNER & ASSOCIATES

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                            )<br>                          Plaintiff,           )<br>                                                            )<br>         vs.                                            )<br>                                                            )<br>TWELVE PIECES OF REAL              )<br>PROPERTY, *et al.*,                          )<br>                                                            )<br>                          Defendants.      )<br>_____) | 3:96-cv-335 JWS<br><br>AMENDED FINAL DECREE<br>OF FORFEITURE |

A Verified Complaint for Forfeiture of four (4) aircraft was filed on September 8, 1994, alleging that the defendant aircraft represented proceeds traceable to an exchange for a controlled substance in violation of 21 U.S.C. §§ 801 *et seq.* and were therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6); and a Verified Complaint for Forfeiture of Twelve Pieces of Real Property, *et al.*, was filed on September 16, 1996, alleging that the defendant real and personal properties represented proceeds traceable to the exchange of a controlled substance, and/or were used or intended to be used in any manner or part to commit or to facilitate the commission of a violation of 21 U.S.C. §§ 801 *et seq.*, and were involved in a financial transaction or attempted transaction which represents the proceeds of a specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(I), making the defendant real and personal properties subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) and/or (7), and 18 U.S.C. § 981(a)(1)(A).

Warrants of Arrest *In Rem* were issued on September 9, 1994, for the arrest of a 1986 Arrow Gare Seahawk, No. N76KD; a 1967 U206B Cessna, No. N4994F; a 1975 Supercub, No. N4545B; and a 1964 206 Cessna, No. N5217U. Warrants of Arrest *In*

EXHIBIT B p 1

*Rem* were issued on September 17, 1996, as to property described as one heat-sealed bag of approximately $5,000.00 in U.S. Currency, and property described as $50,000.00 in U.S. Currency.

Warrants of Arrest *In Rem* were issued on September 30, 1996, as to the following described defendant real properties:

a. **14940 Longbow Drive, Anchorage, Alaska**, legally described as Timberlux Subdivision #3, Block F, Lot 3;

b. **Cabin with acreage**, more fully described as T17NR5W, Section 33, Seward Prime Meridian, Alaska, Tract A, Plat 77-49, Alaska State Land Survey No. 76-182;

c. **12.32 acres of unimproved real property**, more fully described as Inlet View Subdivision, MATSU Borough, Alaska, Lot 2 Block 1, Lot 10 Block 1, Lot 11 Block 1, Lot 7 Block 5, Lot 8 Block 5, Lot 5 Block 6, Lot 6 Block 6, Lot 7 Block 6; and

d. **.60 acres of unimproved real property**, located at Rabbit Creek Heights, Block 4 Lot 6, Anchorage, Alaska.

On October 11, 1996, the plaintiff dismissed from the Complaint the real property described as **14940 Longbow Drive, Anchorage, Alaska**, legally described as Timberlux Subdivision #3, Block F Lot 3.

A Notice of Claim was filed by Gerald Frank Plunk on September 23, 1994, and a Protected Verified Claim on November 20, 1996.

A Protected Answer was filed by Gerald Frank Plunk on March 14, 1997.

In August 1995, Robert McAmis filed a Lienholder Petition, and a Verified Answer on March 12, 1997.

No other claim or answer was filed in this case pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

On July 7, 1997, this Court ordered the consolidation for all purposes of Case No. A94-41 Civil and Case No. A96-335 Civil. On July 15, 1998, this Court granted plaintiff's Motion for Summary Judgment. On motion of the plaintiff, United States of America, for a decree of forfeiture, this court, on August 26, 1998, ORDERED, ADJUDGED, AND DECREED that the defendant real and personal property was

EXHIBIT B p2

forfeited to the United States of America and no right, title or interest in the property existed in any other party, and that the United States Marshal's Service was to pay any and all costs associated with the defendant property and to dispose of the defendant property according to law.

An appeal was taken from the August 26, 1998, Final Decree of Forfeiture by claimant Gerald Frank Plunk ("Plunk"). The Court of Appeals determined that the forfeiture of two of the items of property described above was not supported by probable cause and their forfeiture was invalidated. None of the other forfeitures was invalidated. Specifically, the Court of Appeals invalidated the forfeiture of the 1975 Supercub No. N454B ("Super Cub"), and the Cabin with acreage more fully described as T17N R5W, Section 33, Seward Prime Meridian, Alaska, Tract A, Plat 77-49, Alaska State Land Survey No. 76-182 ("Hock Lake Property").

Before the decision by the Court of Appeals, the United States had sold the Super Cub and the Hock Lack Property to third parties (over the objections of Plunk) at a forfeiture sale pursuant to court order as follows: on December 18, 1998, the Super Cub was sold for $52,525, and on April16, 1999, the Hock Lake property was sold for $21,600 (plus payment of overdue property taxes by the purchaser). On or about March 25, 2005, the United States paid Plunk the sum of $88,037.25 consisting of $62,658.43 for the Super Cub and $25,378.82 for the Hock Lake property. These sums included the proceeds of the sale plus interest at the Seized Assets Deposit Fund rates in effect from the date of sale through February 28, 2005, compounded monthly. Plunk filed a motion asking for additional compensation, which this court denied.

Accordingly, it is **FURTHER ORDERED, ADJUDGED and DECREED** that Plunk is entitled to the sum of $88,037.25 from the United States for and on account of the forfeiture and ensuing sale of the Super Cub and the Hock Lake Property to third parties, which sum **HAS BEEN PAID** by the United States to or for the benefit of Plunk.

ENTERED this 8th day of February 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

EXHIBIT B p3