## FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**RECEIVED**

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

GEORGE FRANK PLUNK; 1975
SUPERCUB, PA-18 AIRCRAFT, FAA
REG. NO. N4545B; T17N R5W,
SECTION 33, SEWARD PRIME
MERIDIAN, ALASKA, TRACT A,
ALASKA STATE LAND SURVEY NO.
76-182, Hock Lake property,
*Defendants-Appellants,*

and

TWELVE PIECES OF REAL PROPERTY
WITH ALL APPURTENANCES,
*Defendant.*

FEB **1 9** 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

No. 06-35269

D.C. No.
CV-96-00335-A-
JWS

OPINION

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted
August 8, 2007—Anchorage, Alaska

Filed December 21, 2007

Before: J. Clifford Wallace, John T. Noonan, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Wallace

16625

## SUMMARY

### Civil Litigation and Procedure/Forfeiture

The court of appeals affirmed a judgment of the district court. The court held that 28 U.S.C. § 2465 does not require compensatory or consequential damages if the claimant prevails in a forfeiture proceeding.

The district court in Alaska awarded appellant George Plunk compensation in lieu of property to be returned under § 2465 and calculated the amount due to Plunk based on the sale proceeds of the property, including an aircraft and real property. Because the property had already been sold when Plunk prevailed on appeal of the forfeiture proceedings, the district court determined that Plunk was entitled to receive the value of the property that had been sold. The court further determined that the sale price was an appropriate measure of the property's value. The court denied Plunk any additional compensation for consequential damages related to the seizure and forfeiture of the property.

Plunk appealed.

[1] Due process prohibits the government in a civil forfeiture case from seizing real property without first affording the owner notice and an opportunity to be heard. Plunk received notice of the government's intent to seek forfeiture and did not argue that he lacked an opportunity to be heard.

[2] Nothing in the text of § 2465 provides for the payment of consequential damages. The statute requires only that, if the claimant prevails in a forfeiture proceeding, "the property seized" shall be returned to the claimant. Permitting consequential damages would constitute a waiver of sovereign immunity. Without clear and explicit language waiving immunity, it would be improper to construe the statute to permit consequential damages against the government. [3] And,

UNITED STATES v. PLUNK                16627

nothing in the legislative history of § 2465 suggested that
Congress intended to subject the federal government to conse-
quential damages for seized property and so abrogate sover-
eign immunity. **[4]** The government is not generally liable for
damages because of sovereign immunity. That reasoning
applied with equal force to property seized and returned under
§ 2465. The district court's refusal to award consequential
damages had to be affirmed.

**[5]** With respect to the return of property under Federal
Rule of Criminal Procedure 41(g), the Ninth Circuit has stated
that the value of the property on the date of sale is the proper
measure of the substitution of money for return of the prop-
erty. Both § 2465 and Rule 41(g) provide for the return of
property where that property is improperly seized by the gov-
ernment. Here, the government lost the ability to return
Plunk's property on the date that it was sold. It had to be held
that the date of sale is the proper date for calculating the
amount of money substituted for the return of property under
§ 2465. The district court did not err in relying on the date of
sale rather than the date of return in determining the proper-
ty's value.

**[6]** The court of appeals rejected Plunk's argument, made
for the first time on appeal, that the aircraft sale was
improper, **[7]** as well as his requests for attorney fees under
the Equal Access to Justice Act, and **[8]** costs. The judgment
of the district court had to be affirmed.

---

## COUNSEL

Phillip Paul Weidner, Phillip Paul Weidner & Assoc.,
Anchorage, Alaska, for the appellant.

Nelson Cohen, United States Attorney for the District of
Alaska, and James Barkeley, Assistant United States Attor-
ney, Anchorage, Alaska, for the appellee.

## OPINION

WALLACE, Senior Circuit Judge:

Plunk appeals from the district court's Amended Final Decree of Forfeiture. The court awarded Plunk compensation in lieu of property to be returned under 28 U.S.C. § 2465 and calculated the amount due to Plunk based on the sale proceeds of the property. The court denied Plunk any additional compensation for consequential damages related to the seizure and forfeiture of the property, and disagreed with his argument that the value of the property should have been calculated at the date of its return. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### I.

Plunk was convicted on several counts related to his participation in a coast-to-coast cocaine smuggling conspiracy. We affirmed those convictions over multiple challenges. *See United States v. Plunk*, 153 F.3d 1011 (9th Cir. 1998); *United States v. Plunk*, 161 F.3d 15 (9th Cir. 1998) (unpublished). The facts underlying those convictions, which are not relevant to this appeal, are outlined in *United States v. Plunk*, 153 F.3d at 1015-16. During the twelve years of civil and criminal litigation related to this case, Plunk's property has been the subject of various administrative, criminal, and civil forfeiture proceedings; however, only two assets are involved in this appeal: (1) a 1975 SuperCub PA-18 aircraft (SuperCub) and (2) a cabin and real property located in Alaska (Hock Lake property).

The SuperCub and Hock Lake property were originally part of two different civil forfeiture cases. In 1994, at the same time it indicted Plunk, the government sued to forfeit four aircraft, including the SuperCub, alleging that the aircraft represented proceeds of Plunk's drug trafficking and were subject to forfeiture pursuant to 21 U.S.C. § 881(a). In 1996, after

unsuccessfully pursuing criminal forfeiture proceedings, the government initiated civil suits against several pieces of real property, including the Hock Lake property, pursuant to 21 U.S.C. § 881(a) and 18 U.S.C. § 981(a)(1)(A). The proceedings involving the SuperCub and the Hock Lake property were consolidated in 1997, and the district court granted the government's motion for summary judgment on the consolidated civil proceedings, and executed a Final Decree of Forfeiture.

On appeal to our court, however, we held that we could not determine, based on the record before us, "whether the government [had] met its initial burden of establishing probable cause linking the Hock Lake property to the drug trade" and remanded to the district court to make that determination. *United States v. Twelve Pieces of Real Property*, 54 Fed. Appx. 461, 463 (9th Cir. 2003) (unpublished). We also held that the government's admissible evidence failed to establish probable cause for the forfeiture of the SuperCub. *Id.* at 463-64.

On remand to the district court, the government declined to submit additional evidence showing probable cause for the forfeiture of the Hock Lake property, effectively conceding that neither the Hock Lake property nor the SuperCub was subject to forfeiture. By this time, however, both the properties had been sold. The district court had permitted the government to sell the SuperCub (over Plunk's objection) in May 1998 while forfeiture proceedings were pending. The Hock Lake property was sold after the district court's August 1998 final decree of forfeiture. Because the property had been sold, the district court directed the parties to confer in order to reach a settlement on the amount owed.

The parties disagreed over the amount due Plunk, but in March 2005 Plunk accepted a check for $88,037.25. This amount included the sale proceeds for the SuperCub and the Hock Lake property as well as interest, based on the Seized

Assets Deposit Fund rates, that had accrued from the date of sale. Plunk, however, maintained that he was owed more money. He argued that he was entitled to (1) damages for his loss of use and enjoyment of the property, (2) damages for the rental value of the property, (3) the fair market value of the property at the time of return, and (4) interest computed at the Alaska statutory rate from the date of sale. With respect to the fourth issue, Plunk has not challenged the district court's final interest calculation or award of interest on appeal, and the issue is therefore waived.

The district court held an evidentiary hearing, received supplemental briefs from the parties, and heard oral argument. The government contended that it was required to return only the proceeds realized from the sale of the property. The government presented evidence that two months prior to its sale the Hock Lake property was appraised at $28,000; it sold for $23,282, including $1,682 in delinquent taxes, leaving a value to Plunk of $21,600. Plunk presented a broker's opinion of the value of the Hock Lake property at the time of the hearing, but no evidence of its value at the time of its sale in 1999. The SuperCub was appraised in July 1998 at a value of $52,040 and sold for $52,525. Plunk presented testimony from a mechanic who claimed that the SuperCub had a December 1998 value of $122,000.

The district court denied Plunk's request for additional compensation, amended the Final Decree of Forfeiture to provide that Plunk should recover from the United States a total amount of $88,037.25, and recognized that the government had fully satisfied its obligation to Plunk. Plunk timely appealed.

## II.

We review *de novo* the district court's interpretation of federal forfeiture law. *United States v. 25445 Via Dona Christa*, 138 F.3d 403, 407 (9th Cir. 1998), *amended by* 170 F.3d 1161

(9th Cir. 1999). We also review *de novo* a district court's denial of a motion for return of property. *United States v. Marshall*, 338 F.3d 990, 993 (9th Cir. 2003).

[1] Plunk first contends that the government's seizure and forfeiture of his property violated his Fifth Amendment due process rights and that he is therefore entitled to be "made whole" by recovering consequential damages for his loss of use and enjoyment, and the rental value of his property from the date of seizure to the date of sale. While it is true that we require that a claimant be made whole when he or she has suffered an unconstitutional seizure, *see, e.g., United States v. 22 Santa Barbara Dr.*, 264 F.3d 860, 869 (9th Cir. 2001), Plunk suffered no due process violation. Due process "prohibits the Government in a civil forfeiture case from seizing real property without first affording the owner notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 46 (1993). Plunk does not dispute that he received notice of the government's intent to seek forfeiture and does not argue that he lacked an opportunity to be heard.

The return of Plunk's property is thus governed only by 28 U.S.C. § 2465. Prior to its amendment in 2000, the language appropriate in this appeal, 28 U.S.C. § 2465, read:

> Upon the entry of judgment for the claimant in any proceeding to condemn or forfeit property seized under any Act of Congress, such property shall be returned forthwith to the claimant or his agent; but if it appears that there was reasonable cause for the seizure, the court shall cause a proper certificate thereof to be entered and the claimant shall not, in such case, be entitled to costs, nor shall the person who made the seizure, nor the prosecutor, be liable to suit or judgment on account of such suit or prosecution.

16632          UNITED STATES V. PLUNK

Plunk contends that 28 U.S.C. § 2465 requires that he receive consequential damages. But no case in this circuit has so held, and other circuits have rejected the argument that section 2465 requires compensatory or consequential damages. *See, e.g., United States v. 1461 W. 42nd St.*, 251 F.3d 1329, 1339 (11th Cir. 2001); *United States v. One (1) 1979 Cadillac Coupe de Ville*, 833 F.2d 994, 998 (Fed. Cir. 1987). We agree with our sister circuits.

[2] First, nothing in the text of section 2465 provides for the payment of consequential damages. The statute "requires only that, if the claimant prevails in a forfeiture proceeding, 'the property seized' shall be returned to the claimant. It does not say 'the equivalent value of the property seized' shall be returned." *One (1) 1979 Cadillac Coupe de Ville*, 833 F.2d at 998. The statute's silence on the issue of consequential damages is particularly significant here because permitting consequential damages would constitute a waiver of sovereign immunity. *See id.* Without "clear and explicit" language waiving immunity, it would be improper for us to construe the statute to permit consequential damages against the government. *Id.* at 998-99.

[3] Second, to the extent it should be considered, nothing in the legislative history of section 2465 suggests that Congress intended to subject the federal government to consequential damages for seized property and so abrogate sovereign immunity. *See id.* at 999. On the contrary, the Eleventh Circuit has persuasively stated that the statute's purpose was actually "to insulate the government from, rather than broaden the government's exposure to, liability for costs or damages for initially reasonable but ultimately improvident seizures." *1461 W. 42nd St.*, 251 F.3d at 1339. As the Federal Circuit concluded in *One (1) 1979 Cadillac Coupe de Ville*, the "requirement that the seized property 'shall be returned forthwith to the claimant' cannot properly be interpreted as 'mandating compensation by the Federal Government for the

damage sustained' by the claimant as a result of the seizure."
833 F.2d at 999 (internal citation omitted).

**[4]** Finally, our interpretation of section 2465 is consistent
with our precedent related to the return of seized property. In
*United States v. $277,000 U.S. Currency*, 69 F.3d 1491, 1492
(9th Cir. 1995), we considered what a property owner may
recover when the "United States seizes property . . . and is
ultimately found to have no proper claim to the property."
Section 2465 was not at issue in *$277,000 U.S. Currency*, but
we cited with approval the Federal Circuit's determination
that section 2465 did not permit consequential damages. *See
id.* at 1497-98. We ultimately held that "the government is not
generally liable for damages . . . because of sovereign immu-
nity." *Id.* at 1492. That reasoning applies with equal force to
property seized and returned under section 2465.

Awarding consequential damages to Plunk would contra-
vene the doctrine of sovereign immunity. Nothing in section
2465 permits that contravention, and we affirm the district
court's refusal to award consequential damages.

### III.

Plunk's second contention is that the district court erred
when it relied on the actual sale price of the SuperCub and
Hock Lake property to determine the fair market value of the
properties. We review *de novo* the district court's legal deter-
mination that the value at the time of the sale rather than the
value at the time of return is the appropriate measure. *See
Marshall*, 338 F.3d at 993. We review for clear error the dis-
trict court's factual determination of the value at the time of
sale. *Id.*

Because the property had already been sold when Plunk
prevailed on appeal of the forfeiture proceedings, the district
court properly determined that Plunk was entitled to receive
the value of the property that had been sold. *See Republic*

*Nat'l Bank of Miami v. United States*, 506 U.S. 80, 95-96 (1992) (C.J. Rehnquist, concurring) (stating that section 2465 can be construed as authorizing the return of proceeds where the forfeited property has been sold by the government). The district court further determined that the sale price was an appropriate measure of the property's value.

[5] Plunk contends that he is entitled to the value of the property on the date of return in 2006, not the value on the dates of the sales in 1998 and 1999. This contention conflicts with our precedent on a related issue. In *Marshall*, which dealt with the return of property under Federal Rule of Criminal Procedure 41(g), we stated that "[o]nly on the date of sale did the government lose the ability to return the property itself. For that reason, the value [of the property] on the date of sale [is] the proper measure of the substitution of money for return of the property." 338 F.3d at 994. While *Marshall* did not address 28 U.S.C. § 2465, its reasoning is persuasive in this context. Both 28 U.S.C. § 2465 and Rule 41(g) provide for the return of property where that property is improperly seized by the government and, as in *Marshall*, the government here lost the ability to return Plunk's property on the date that it was sold. Consistent with *Marshall*'s reasoning, we hold that the date of sale is the proper date for calculating the amount of money substituted for the return of property under section 2465. Under this rule, Plunk's expert testimony about the value of the property on the date of the evidentiary hearing is not helpful, and the district court did not err in relying on the date of sale rather than the date of return in determining the property's value.

[6] We also reject Plunk's argument, made for the first time on appeal, that the SuperCub sale was not commercially reasonable and that the sale price did not reflect the fair market value at the time of the sale. The district court's determination of fair market value was supported by the government's experts' appraisals, which the court was entitled to rely on over Plunk's expert's *post hoc* appraisal. These factual find-

ings based on conflicting evidence were not clearly erroneous. We affirm the district court's determination of the property's value.

## IV.

[7] Plunk requests attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). However, the record does not show, and Plunk does not argue in his brief, that he ever filed an application for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(B). His failure to make a proper application for attorney's fees under the EAJA forecloses our review of the issue.

[8] Plunk also contends that he is entitled to costs. While an award of costs seems permissible under section 2465, awarding them here would be inappropriate. Plunk's briefs fail to provide a record sufficient to support a decision on costs, particularly because he does not clarify for which proceedings during this drawn-out litigation he requests costs. If he refers to this court's earlier decision, in *Twelve Pieces,* that the SuperCub and Hock Lake property were improperly forfeited, he has not explained how an award of costs would be made considering that he did not entirely prevail. Furthermore, he failed to ask the district court for an award of costs after our remand.

Plunk is not entitled to costs for this appeal because the government prevailed in the district court and he has not succeeded in his present appeal.

**AFFIRMED. ATTORNEY'S FEES AND COSTS DENIED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.